IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-46-BO

CHRISTY LYNN GRANT, )
    Plaintiff, )
)
v. ) ORDER
)
KILOLO KIJAKAZI, )
*Acting Commissioner of Social Security*, )
    Defendant. )

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing on the motions was held before the undersigned on February 15, 2023, at Elizabeth City, North Carolina and the motions are ripe for ruling. For the reasons that follow, the decision of the Commissioner is affirmed.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her application for supplemental security income pursuant to Title XVI of the Social Security Act. Plaintiff protectively filed her application September 6, 2017, alleging disability beginning January 1, 2006; plaintiff's alleged onset date was later amended to September 6, 2017. After initial denials, plaintiff proceeded to a hearing before an Administrative Law Judge (ALJ), after which the ALJ issued an unfavorable ruling. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported

by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments

2

("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment or combination of impairments meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his or her age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he or she is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

The ALJ determined that plaintiff had not engaged in substantial gainful activity since her amended alleged onset date at step one and at step two that plaintiff's degenerative disc disease, degenerative joint disease, left ankle fracture, COPD, obesity, bipolar disorder, and anxiety disorder were severe impairments. After finding that plaintiff did not have an impairment or combination of impairments that met or equaled a Listing at step three, the ALJ determined that plaintiff had the RFC to perform light work with numerous exertional and non-exertional limitations. At step four the ALJ determined that plaintiff had no past relevant work but at step five found that there were sufficient jobs in the national economy that plaintiff could perform, including routing clerk, office helper, and photo copy machine operator.

Plaintiff raises one assignment of error, arguing that the ALJ erred by failing to fairly characterize or accurately summarize plaintiff's testimony and by ignoring the preponderant medical evidence in the record, in particular the portions of the record which contradicted the ALJ's conclusions. The Court has considered plaintiff's arguments and carefully reviewed the ALJ's decision and determines that the decision is supported by substantial evidence.

3

Case 5:22-cv-00046-BO   Document 22   Filed 03/01/23   Page 3 of 5

The ALJ highlighted plaintiff's severe mental impairments but found them not to be disabling, citing to portions of the record which both supported the presence of more severe symptoms as well as to records which supported that plaintiff's symptoms were less severe. The Court finds there not to have been cherry-picking of evidence or a failure to discuss symptoms by the ALJ. *Compare Lewis v. Berryhill*, 858 F.3d 858, 869 (4th Cir. 2017). While the ALJ did not cite to some medical records which discussed plaintiff's distractibility or difficulties with concentration, the RFC nonetheless includes a limitation to simple instructions to be carried out in two-hour intervals. Such a limitation is supported by the opinion of Dr. Bachara, whose opinion the ALJ found to be persuasive and supported by the record. The ALJ further thoroughly discussed plaintiff's hearing testimony and her reported daily activities, but found that the record supported more moderate limitations.

In sum, the ALJ considered the longitudinal record and the opinion evidence and found that despite plaintiff's impairments she could perform work at an appropriate RFC. The ALJ provided an adequate explanation and substantial evidence in the record supports her decision. The decision of the Commissioner is therefore affirmed.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that the decision is supported by substantial evidence and the correct law was applied. The decision of the Commissioner is therefore AFFIRMED. Plaintiff's motion for summary judgment [DE 15] is DENIED and defendant's motion for judgment on the pleadings [DE 17] is GRANTED. The clerk is DIRECTED to enter judgment accordingly and close the case.

SO ORDERED, this 28 day of February 2023.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE